UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MICHAEL J. FRUGE AND
LILIANA FRUGE

CIVIL ACTION NO. 6:07-cv-00789

VERSUS

JUDGE MELANÇON

ULTERRA DRILLING
TECHNOLOGIES, L.P. AND/OR
ULTERRA MWD, L.P.

MAGISTRATE JUDGE HANNA

## MEMORANDUM  RULING

Currently pending before the Court are two related motions:  (1) defendant

Amerisure Mutual Insurance Company's motion to dismiss defendant Chubb Custom

Insurance Company's cross-claim, enforce the settlement agreement, preclude further

discovery, and submit pending motions for consideration (Rec. Doc. 180); and (2)

Chubb's motion to stay proceedings on motion for summary judgment and reopen

discovery (Rec. Doc. 185).  For the reasons explained below, Chubb's motion is

DENIED, and Amerisure's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Rockbit Holdings owns Ulterra Drilling Technologies ("Drilling"), which owns

Ulterra MWD ("MWD").  Ronald F. Thomason, the chief financial officer for both

Drilling and MWD, contacted Cameron Jones at William Rigg Company to purchase

insurance for both Drilling and MWD.  Rigg obtained policies from Chubb and Amerisure.

Chubb issued two policies to MWD:  a commercial general liability ("CGL") policy with $1 million limits and an umbrella policy with $5 million limits, covering the time period from November 2005 to November 2006.

Amerisure also issued two policies:  a CGL policy with $1 million limits and an umbrella policy with $10 million limits.  Both polices cover the time period from December 31, 2005 to December 31, 2006, and the named insureds on both policies are Drilling *and* MWD.

In August 2006, some equipment provided by MWD and installed on a land rig exploded and injured the plaintiff, Michael Fruge, who was employed by Nabors Drilling.  Fruge sued Drilling, MWD, and others.

Amerisure and Chubb both assumed MWD's defense in May 2007.  A month later, Drilling was dismissed from the suit.

In September 2007, Amerisure issued two policy change forms that deleted MWD as a named insured on their policies.  Amerisure then terminated its defense of MWD, effective October 19, 2007.  Amerisure claims that the addition of MWD to Drilling's policies was a clerical error.

Chubb continued defending MWD, and in November 2007, Chubb filed a cross-claim against Amerisure (Rec. Doc. 31), alleging that Amerisure had an obligation to defend and indemnify MWD and seeking reimbursement of the sums Chubb had paid for MWD's defense.  At the end of January 2008, Amerisure filed a motion to dismiss Chubb's cross-claim for failure to state a claim (Rec. Doc. 37).  Amerisure argued primarily that Chubb had no standing to sue Amerisure because it was not a party to the insurance contract.

In February 2008, the case was administratively closed because the plaintiff had not reached maximum medical improvement ("MMI").  All pending motions were denied as moot.  (Rec. Doc. 49).

In April 2008, Chubb filed a motion to reopen the case for the limited purpose of resolving insurance issues (Rec. Doc. 53) and also filed a motion for summary judgment (Rec. Doc. 54).  The motion to reopen was denied (Rec. Doc. 56).  An unnumbered administrative entry in the suit record indicates that Chubb's motion for summary judgment was terminated.

The case was reopened in September 2009 (Rec. Doc. 61), and a plan of work was approved by the court (Rec. Doc. 62).  Motion practice resumed, with Amerisure seeking leave to file a reply brief in support of its motion to dismiss.  (Rec. Doc. 63).

The court reminded Amerisure that all pending motions had been denied as moot in February 2008.  (Rec. Doc. 64).

Chubb then re-urged its motion for summary judgment (Rec. Doc. 65), and Amerisure filed a motion to dismiss (Rec. Doc. 70) as well as a motion for summary judgment and/or declaratory judgment (Rec. Doc. 78).  Amerisure argued that its policies included MWD as an insured only because of a clerical error.  In other words, Amerisure argued that the parties to the insurance contract had made a mutual mistake by including MWD as a named insured on its policies.  Chubb argued that Amerisure's policies unambiguously provide coverage for MWD and that any coverage under Chubb's policies was excess to that of the Amerisure policies.

On July 14, 2010 (in Rec. Doc. 127), the trial court granted Chubb's motion for summary judgment (Rec. Doc. 65), and denied Amerisure's cross-motion for summary judgment (Rec. Doc. 78).  In the same ruling, Amerisure's motion to dismiss (Rec. Doc. 70) and Chubb's motion to strike (Rec. Doc. 71) were denied as moot.  The trial court found that Amerisure's policies were unambiguous and, consequently, that extrinsic evidence could not be considered to determine the parties' intent at the time the contract was confected.  The trial court also found that Louisiana law prohibits an insurance policy from being retroactively annulled by agreement after an occurrence for which the insurer might be liable.  The trial court

concluded that the policies should be enforced as written – meaning that MWD was a named insured.  The trial court addressed the ranking of the policies, concluding that Amerisure's CGL policy is primary, that Chubb's CGL policy is excess, and that coverage under the excess policies should be apportioned according to their limits, which establishes a 2:1 ratio with Amerisure paying twice as much as Chubb.  This ruling was reduced to judgment.  (Rec. Doc. 128).

Amerisure attempted to appeal the ruling (Rec. Doc. 132), but the appeal was denied for lack of jurisdiction (Rec. Doc. 142).

On November 1, 2010, less than a month before the scheduled trial date of November 22, 2010, the case was mediated, and the plaintiffs' claims were settled. The agreement signed by the parties at the mediation says:  "The rights and obligations of the defendants are governed by the attached documents." (Rec. Doc. 160-1 at 1).  Attached is a typewritten page signed by Chubb's and Amerisure's representatives. (Rec. Doc. 160-1 at 2).  It says, in pertinent part: "The parties shall jointly draft a comprehensive stipulated settlement agreement within twenty (20) days to reflect the intention of the parties as basically outlined herein."  It also says that Chubb and Amerisure will pay the settlement in accord with the trial court's summary judgment formula "conditioned upon Amerisure and Chubb appealing Judge

Melancon's summary judgment, insurance issues[,] and attorney fees issue to the Fifth Circuit." It goes on to say:

> All actions and causes of action including but not limited to any cross-claims by and/or between Amerisure and Chubb, past, present, and/or future, are to be dismissed with prejudice at the time of entering the stipulated settlement with the court before the United States District Judge.

It then says:

> All insurance issues and the summary judgment may be appealed to the Fifth Circuit. . . . The appeal shall consist of the summary judgment issues, the insurance issues and the defense cost issues. It is understood that the parties reserve the right to appeal the coverage issues and any attorney fee issues presented by the parties in the comprehensive stipulated settlement agreement to the court. . . . Amerisure and Chubb shall ultimately pay in accordance with the Fifth Circuit decision.

The parties moved for final judgment (Rec. Doc. 160), final judgment was issued (Rec. Doc. 161), Amerisure appealed (Rec. Doc. 162), and Chubb cross-appealed (Rec. Doc. 166).

The Fifth Circuit reversed the trial court's decision. (Rec. Doc. 177). In its ruling, the Fifth Circuit stated that Louisiana law permits a party to present extrinsic evidence to prove a mutual mistake even when the language of the contract is not ambiguous. However, the ruling also said: "Whether the parties actually made a

mutual mistake remains an open question."  In its judgment, the Fifth Circuit said:
"It is ordered and adjudged that the judgment of the District Court is reversed, and the
cause is remanded to the District Court for further proceedings in accordance with the
opinion of this Court."  (Rec. Doc. 177 at 1).

After the Fifth Circuit ruled, the parties were ordered to submit a plan of work,
and they did so.  (Rec. Doc. 179).  Chubb's interpretation of the Fifth Circuit's ruling
is that it "opens discovery on all outstanding issues."  (Rec. Doc. 179 at 3).
Amerisure disagrees.  That disagreement lies at the crux of the two pending motions.

## I.  CHUBB'S RULE 56(d) MOTION TO STAY PROCEEDINGS ON MOTION FOR SUMMARY JUDGMENT AND REOPEN DISCOVERY (REC. DOC. 185)

In its motion (Rec. Doc. 185) filed under Rule 56(d) of the Federal Rules of
Civil Procedure, Chubb seeks to prevent this Court from proceeding with a ruling on
remand so that additional discovery can be obtained.  Rule 56(d) states:

> If a nonmovant shows by affidavit or declaration that, for
> specified reasons, it cannot present facts essential to justify
> its opposition [to a motion for summary judgment], the
> court may:
> (1)    defer considering the motion or deny it;
> (2)    allow time to obtain affidavits or declarations or to
>        take discovery; or
> (3)    issue any other appropriate order.

In this case, Chubb seeks to have the court defer again considering Amerisure's motion for summary judgment so that Chubb can take additional discovery.

Rule 56(d) was designed to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[1]  For that reason, Rule 56(d) discovery motions are "broadly favored and should be liberally granted."[2]  But the party that did not seek summary judgment "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[3]  Instead, a request to stay summary judgment under Rule 56(d) must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[4]  "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[5]  "Thus, to obtain a Rule 56(d)

---

[1]     *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

[2]     *Culwell*, 468 F.3d at 871.

[3]     *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980).

[4]     *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998) (internal quotation marks and citations omitted).

[5]     *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010), quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999).  See also *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

-8-

continuance in order to conduct further discovery prior to a ruling on a motion for summary judgment, the nonmovant must make essentially three showings:  (1) a description of the particular discovery it intends to seek; (2) an explanation showing how that discovery would preclude the entry of summary judgment; and (3) a statement justifying why this discovery had not been or could not have been obtained earlier."[6]

As a threshold matter, the undersigned notes that Rule 56(d) expressly requires the party seeking relief under the rule to show "*by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition" to the relevant motion for summary judgment.[7]  Chubb did not submit an affidavit or declaration along with its motion.  For that reason, it is not entitled to the relief it seeks.

Not wishing to decide the motion solely because of a procedural omission, however, the undersigned has also analyzed the substance of Chubb's motion.  The undersigned finds that Chubb has presented persuasive arguments in favor of the first two requirements of the requisite analysis.  With regard to the first, Chubb has

---

[6]     *Courtesy Outdoor Finance, LLC v. Bass Ltd*., No. 10-1382, 2011 WL 933957, *4 (W.D. La. Mar. 16, 2011).

[7]     Emphasis added.

-9-

described the particular discovery it seeks, stating that it proposes to obtain, through discovery, the underwriting files, coverage position letters, investigation materials regarding coverage, coverage analysis, and agent files regarding the Amerisure policies, and to depose representatives of William Rigg, Rockbit Holdings, Drilling, and MWD regarding the Amerisure policies.  (Rec. Doc. 185-2 at 5-6).  With regard to the second requirement, Chubb argues that any facts gathered during the additional discovery "that contrast with the position of Amerisure regarding mutual error will preclude summary judgment."  (Rec. Doc. 185-2 at 6.)  This assertion, though minimal, might be interpreted as satisfying the requirement that Chubb explain how the discovery it seeks would preclude summary judgment in Amerisure's favor.  With regard to the third requirement, however, the undersigned finds Chubb's arguments wholly unpersuasive.

Chubb argues, first, that "[i]t was not until the Fifth Circuit's reversal and remand that discovery regarding mutual error became necessary.  Chubb Custom was justified in not pressing for discovery on the issue of error before the hearing on the cross-motions for summary judgment."  (Rec. Doc. 185-2 at 5.)  Chubb argues, second, that the issue of intent is now important to the mutual error issue, and seeks permission to depose the persons involved in obtaining the insurance policies regarding what their intent was at the time the policies were applied for.  But the

-10-

mutual mistake issue is not new.  Amerisure argued, in support of its motion for summary judgment (Rec. Doc. 78) that the inclusion of MWD as an insured on its policies was an error.  (Rec. Doc. 78-1 at 9, 11, 12, 13, 16,  18, 19, 20, 21, 25, 31). Amerisure further argued that its insurance policies should be reformed because of the alleged mutual mistake.  (Rec. Doc. 78-1 at 24.)  Thus, the issues of whether a mutual mistake had been made and, if so, whether parol evidence could be used to reform the contract to correct the mistake, were placed before this Court in October 2009.  (Rec. Doc. 78).  If the intent of the persons involved in obtaining insurance coverage for Drilling and MWD is important now, it was also important when the motions for summary judgment were decided in 2009.  The discovery cut-off date in place at that time was March 1, 2010.  (Rec. Doc. 62).  Therefore, Chubb had ample opportunity to propound whatever written discovery it thought necessary and to take whatever depositions it thought might be helpful.  If additional discovery was necessary, Chubb should have requested it before the trial court ruled on Amerisure's motion for summary judgment.  Chubb has posited no valid reason why the discovery it now requests was not or could not have been requested earlier.

Amerisure argues that the rule to be applied in resolving Chubb's motion was articulated in *Carner v. Louisiana Health Service & Indemnity Co.*, while Chubb argues that the rule articulated in *Carner* is inapplicable in this case.  In *Carner*, the

trial court granted summary judgment in favor of the defendant on the basis that the plaintiff's claim had prescribed.  The appellate court noted that "[i]n order to defeat summary judgment. . . Carner was required to put forward specific facts demonstrating that there was a genuine issue of material fact for trial regarding the prescription of her claims. . . .   However, Carner's assertions . . . are merely conclusory allegations and unsubstantiated assertions."[8]  Therefore, the court stated that "[t]he district court properly concluded that [the defendant] was entitled to judgment as a matter of law because all of Carner's claims were prescribed."[9]  On appeal, Carner argued that because the parties had agreed to delay discovery until after the district court's ruling on the defendant's motion for summary judgment, "the district court should not have determined whether there was a genuine dispute" and "should have known that she was unable to set forth any facts" regarding the claims found to be prescribed.[10]  The Fifth Circuit found, however, that "Carner should have been aware of her burden in opposing [the defendant's] motion for summary

---

[8]     *Carner v. Louisiana Health Serv. & Indem. Co.*, 442 Fed. App'x 957, 960-61 (5th Cir. 2011).

[9]     *Carner*, 442 Fed. App'x at 960.

[10]    *Carner*, 442 Fed. App'x at 961.

judgment, and, if she determined that she lacked the ability to produce facts, she should have made a motion under Rule 56(d) to the district court."[11]

Chubb attempts to distinguish this case from *Carner* on the basis that even though Chubb did not file a Rule 56(d) motion when Amerisure's original motion for summary judgment (Rec. Doc. 78) was pending, it has filed such a motion with regard to Amerisure's re-urged motion (Rec. Doc. 18). The undersigned finds this argument unpersuasive.

The judgment that was appealed in this case (Rec. Doc. 161) reiterates the holdings of the Court's memorandum ruling (Rec. Doc. 127) and prior judgment (Rec. Doc. 128) concerning Chubb's and Amerisure's cross-motions for summary judgment (Rec. Doc. 65 and 78, respectively), Amerisure's motion to dismiss (Rec. Doc. 70), and Chubb's motion to strike (Rec. Doc. 71). The judgment that was appealed was reversed in its entirety. (Rec. Doc. 177 at 1, 12). Therefore, this Court's task, on remand, is to reexamine the cross-motions for summary judgment, the motion to dismiss, and the motion to strike that were ruled on in July 2010. This Court will not be analyzing a new motion for summary judgment; it will simply be taking a second look at the motions that were already decided. Therefore, if Chubb needs additional documents or deposition testimony to support its own motion for

---

[11]     *Carner*, 442 Fed. App'x at 961.

summary judgment or to oppose Amerisure's, it should have, in accordance with *Carner*, filed a Rule 56(d) motion before the trial court ruled on the cross motions for summary judgment.

Chubb also argues that, when the cross-motions for summary judgment were being decided in 2010, it made a decision to argue that Louisiana law precluded resort to parol evidence rather than taking additional discovery to investigate the mutual error claim asserted in Amerisure's motion.  (Rec. Doc. 195 at 8).  Looking back at that strategic decision, with 20/20 hindsight and in light of an adverse decision from the Fifth Circuit, Chubb now seeks additional discovery.  But Chubb has presented no authority for the proposition that making an unsuccessful argument before appeal justifies reopening discovery on remand.

Although Chubb is correct that the Fifth Circuit did not limit the "further proceedings" to be had after remand to only the evidence adduced before the appeal, "[w]hether to reopen discovery on remand is a matter within the discretion of the District Court."[12]  In this case, the cross motions for summary judgment were fully briefed and submitted to the trial court, and the trial court ruled.  At that time, Chubb

---

[12]       *Forest Group, Inc. v. Bon Tool Co.*, No. H-05-4127, 2010 WL 1708433, *2 (S.D.Tex. Apr. 27, 2010). citing *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 572 (1943); *United States v. Bell Petroleum Servs., Inc.*, 64 F.3d 202, 204 (5th Cir. 1995); *Federal Deposit Ins. Corp. v. Whitlock*, 785 F.2d 1334, 1340 n. 9 (5th Cir. 1986).  See, also, *Federal Deposit Ins. Corp. v. Whitlock*, 785 F.2d 1335, 1340 n. 9 (5th Cir. 1986) ("The district court, of course, may exercise its discretion to reopen discovery on remand to allow such inspection.")

was willing to have the cross-motions for summary judgment decided on the record as it then existed without any additional discovery.  The undersigned finds that it would be unfair to permit Chubb to now engage in additional discovery.  This Court must now, in accordance with the Fifth Circuit's decision, decide whether a mutual mistake was made, but the undersigned finds that it should do so based on the record in place at the time that the motions were originally decided.  For these reasons, Chubb's motion is denied.

II.   **AMERISURE'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT, DISMISS CHUBB'S CROSS-CLAIM, PRECLUDE FURTHER DISCOVERY, AND SUBMIT THE PENDING MOTIONS FOR CONSIDERATION IN ACCORDANCE WITH THE FIFTH CIRCUIT'S DECISION (REC. DOC. 180)**

Amerisure's motion (Rec. Doc. 180) seeks four types of relief:  enforcement of the settlement agreement between Amerisure and Chubb, dismissal of Chubb's cross-claim, preclusion of further discovery, and submission of the pending motions for consideration in accordance with the recent decision of the Fifth Circuit Court of Appeals.

The undersigned already having decided that Chubb's motion seeking to reopen discovery will be denied, Amerisure's motion will be granted to the extent it

seeks to preclude further discovery by Chubb.  Amerisure's other requests will be discussed in full, below.

### A.    ENFORCEMENT OF THE SETTLEMENT AGREEMENT

Amerisure seeks enforcement of the settlement agreement reached at mediation, which states that "[a]ll actions and causes of actions including but not limited to any cross-claims by and/or between Amerisure and Chubb. . . are to be dismissed with prejudice at the time of entering the stipulated settlement with the court. . . ."  In the same document, however, the parties' right to appeal all insurance issues was reserved.  The parties apparently contemplated the Fifth Circuit making a definitive ruling on the insurance issues, and they did not contemplate that the Fifth Circuit might remand those issues to the trial court for further proceedings.  Nevertheless, the cross-appeal by Amerisure and Chubb of the insurance issues raised in Chubb's cross-claim against Amerisure precludes enforcement of the settlement agreement's provision requiring dismissal of the cross-claim.  So long as any part of the cross-claim remains unresolved, the cross-claim remains extant.  It is also significant that both Chubb and Amerisure appealed the trial court's ruling on the cross motions for summary judgment concerning Chubb's cross-claim.  This is not a situation in which one party is attempting to circumvent the settlement agreement;

instead, both parties appealed the trial court's ruling.  Clearly, neither party was content to leave the trial court's ruling in place.  The undersigned finds, therefore, that the part of the settlement agreement that is inconsistent with the reservation of the parties' right to appeal cannot be enforced as written.  If it were enforced, Chubb's cross-claim would be dismissed, the cross motions for summary judgment would be dismissed as moot, and the parties would be left with the trial court's ruling. Essentially, both parties would be denied the right to finish the appeal process by having the trial court rule in accordance with the Fifth Circuit's remand order.

The Fifth Circuit determined that Louisiana law applies to the dispute presented here.  (Rec. Doc. 177 at 6-7).  Under Louisiana law, interpreting a contract is nothing more than attempting to find the parties' common intent.  Louisiana Civil Code Article 2045 says so clearly:  "Interpretation of a contract is the determination of the common intent of the parties."[13]   In this case, the settlement agreement preserves both parties' right to appeal, and both parties did in fact appeal. Accordingly, the undersigned finds that the common intent of the parties was to maintain the existence of Chubb's cross-claim until the relevant issues could be

---

[13]      See also *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co*., 565 F.3d 948, 954 (5th Cir. 2009); *Sher v. Lafayette Ins. Co*., 2007-2441 (La. 4/8/08), 988 So. 2d 186, 192; *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co*., 630 So. 2d 759, 763 (La. 1994); *Garcia v. St. Bernard Parish School Bd.,* 576 So.2d 975, 976 (La. 1991).

appealed.  Enforcing the settlement agreement to dismiss the cross-claim at this time would not foster that intent.  Therefore, to the extent that Amerisure's motion seeks enforcement of the provision of the settlement agreement stating that Chubb's cross-claim was dismissed when the trial court issued its ruling, the motion is denied.

### B.    DISMISSAL OF CHUBB'S CROSS-CLAIM

In its motion, Amerisure seeks dismissal of Chubb's cross-claim against it.  The undersigned finds that this argument lacks a sound logical foundation.  Chubb's cross-claim against Amerisure (Rec. Doc. 31) seeks to have Amerisure provide the primary defense and indemnity to MWD in connection with the claims asserted by the plaintiffs in this lawsuit.  Chubb and Amerisure both filed motions for summary judgment with regard to Chubb's cross-claim.  (Rec. Docs. 65 and 70, respectively).  The trial court ruled on those motions.  (Rec. Doc. 127).  It is that ruling that was appealed. (Rec. Docs. 162, 166).  If the cross-claim were dismissed, then the motions for summary judgment would have to be dismissed as moot, and there would be nothing further for this Court to resolve.  But the Fifth Circuit's mandate requires this Court to once again rule on the cross motions for summary judgment.  Until that is done, Chubb's cross-claim against Amerisure remains extant without resolution.

Accordingly, to the extent that Amerisure's motion seeks dismissal of Chubb's cross-claim against Amerisure, the motion is denied.

## C.   SUBMISSION OF THE PENDING MOTIONS FOR RESOLUTION IN ACCORDANCE WITH THE FIFTH CIRCUIT'S RULING

Finally, Amerisure seeks to have this Court rule on "the pending motions."  In July 2010, the trial court granted Chubb's motion for summary judgment, denied Amerisure's cross-motion for summary judgment, and denied as moot Amerisure's motion to dismiss and Chubb's motion to strike.  (Rec. Docs. 127, 128, 161).  Chubb and Amerisure appealed.  (Rec. Docs. 162, 166).  The Fifth Circuit reversed and remanded the cause to the trial court for further proceedings.  (Rec. Doc. 177).

The Fifth Circuit has explained that "[t]he mandate rule requires a district court on remand to effect our mandate and to do nothing else."[14]  On remand, a district court "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court."[15]  "In implementing the mandate, the district court must 'take into account the appellate court's opinion and

---

[14]     *United States v. Castillo*, 179 F.3d 321, 329 (5th Cir. 1999), citing *United States v. Becerra*, 155 F.3d 740, 753 (5th Cir. 1998).

[15]     *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002), quoting *Becerra*, 155 F.3d at 753.

the circumstances it embraces.'"[16]  Because the mandate rule is a corollary of the law of the case doctrine, it "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."[17]

With these principles in mind, the undersigned finds that "the pending motions" referred to in Amerisure's motion are the four motions referenced in the judgment that was appealed and further finds that all four motions must be revisited. Accordingly, to the extent that Amerisure seeks to have "the pending motions" submitted for resolution by the trial court in accordance with the Fifth Circuit's mandate, the motion is granted.

## CONCLUSION

The real issue to be decided in resolving these two motions is what procedure should be used at the district court level on remand.  Synthesizing the various arguments presented in the motions, the undersigned finds (1) that Chubb's cross-claim still exists; (2) that no additional discovery should be conducted; (3) that the

---

[16]     *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004), quoting *Sobley v. Southern Natural Gas Co*., 302 F.3d 325, 333 (5th Cir. 2002).

[17]     *Castillo*, 179 F.3d at 329 (citation omitted).  See, also, *General Universal Systems, Inc. v. HAL, Inc*., 500 F.3d 444, 453 (5th Cir. 2007).

trial court must again analyze and decide Chubb's motion for summary judgment (Rec. Doc. 65), Amerisure's cross-motion for summary judgment (Rec. Doc. 78), Amerisure's motion to dismiss (Rec. Doc. 70), and Chubb's motion to strike (Rec. Doc. 71).  In deciding those motions, the trial court must keep in mind the Fifth Circuit's holdings that Amerisure waived its argument that Texas law applies, that a party may present extrinsic evidence to prove mutual mistake even when the language of the contract is not ambiguous, and that La. R.S. 22:1262 does not preclude reformation of the contract in this case because the operative issue is mutual mistake not rescinding or annulling a contract by agreement.

Accordingly,

IT IS ORDERED that Chubb's Rule 56(d) motion (Rec. Doc. 185) is DENIED; and

IT IS FURTHER ORDERED that Amerisure's motion (Rec. Doc. 180) is GRANTED IN PART and DENIED IN PART.  More particular, the motion is denied to the extent that it seeks enforcement of the provision in the settlement agreement between Chubb and Amerisure dismissing Chubb's cross-claim against Amerisure; denied to the extent that Amerisure seeks dismissal of Chubb's cross-claim; granted to the extent that it seeks to preclude further discovery by Chubb; and granted to the

-21-

extent that a decision will be rendered by this Court in accordance with the Fifth Circuit's recent ruling.

Signed at Lafayette, Louisiana, this 25th day of July 2012.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE