UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Michael Fruge, et al | Civil Action No. 6:07-cv-00789 |
| versus | Judge Tucker L. Melançon |
| Ulterra Drilling Technologies, L.P., et al | Magistrate Judge Patrick J. Hanna |

**MEMORANDUM RULING AND ORDER**

Before the Court are appeals from the Magistrate Judge's Memorandum Ruling of July 25, 2012, *R. 197*, that denied defendant Amerisure Mutual Insurance Company's "Motion To Enforce Settlement Agreement, To Dismiss All Cross-Claims Of Chubb, To Preclude Further Discovery, And To Submit Pending Motions For Consideration In Accordance With The Fifth Circuit Decision," *R. 198*, and that denied defendant Chubb Custom Insurance Company's "Rule 56(d) Motion To Stay Proceedings On Motion For Summary Judgment And Motion To Reopen Discovery," *R. 200*.[1]  After an independent review of the record, considering the objections and responses filed by the parties, as well as the applicable jurisprudence, the Court concludes that the Magistrate Judge was correct and his ruling will therefore be AFFIRMED in all respects.

**I. STANDARD OF REVIEW**

The court reviews the ruling of a magistrate judge on non-dispositive, pre-trial motions only to determine whether they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (2012); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995); *Daffern v. State Auto Prop. & Cas. Ins. Co.*, No. 10-1211, 2011 WL 1085664, at *1 (W.D. La. Mar. 18, 2011) (James, C.J.).

---

[1] For a detailed history of this proceeding, see *R. 197* at 1-7.

1

## II. AMERISURE'S MOTIONS TO ENFORCE THE SETTLEMENT AGREEMENT OR, ALTERNATIVELY, TO DISMISS CHUBB'S CROSS-CLAIM[2]

The Magistrate Judge correctly concluded that dismissal of Chubb's cross-claim against Amerisure under the provision in the settlement agreement would be inconsistent with the common intent of the parties to the agreement, and would necessarily involve disregarding one settlement provision in favor of another contrary to Louisiana law. *R. 197* at 17-18; *see* La. Civ. Code Ann. arts. 2045, 2050 (2012); *see also La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 763 (La. Ct. App. 1st Cir. 1994) (interpreting separate insurance contract policy provisions in light of section 2050). The Magistrate Judge correctly concluded that the settlement agreement clearly evinces the parties' common intent to "preserve[] both parties' right to appeal," *R. 197* at 17, and that the dismissal of Chubb's cross-claim would deny Chubb "the right to finish the appeal process by having the trial court rule in accordance with the Fifth Circuit's remand order," *R. 197* at 17, a right specifically preserved by the settlement agreement.

Amerisure also attempts, in its appeal of the Magistrate Judge's ruling, to resurrect its argument originally made in its motion for summary judgment before this Court that Chubb has "no standing" to enforce its legal claim against Amerisure. This theory, and the new cases Amerisure cites in support of it, were not presented by Amerisure to the Magistrate Judge prior to the Magistrate Judge issuing its Memorandum Ruling, *see R. 180, R. 187*, and thus the Magistrate Judge

---

[2] Although the Magistrate Judge made only passing reference to the propriety of applying Louisiana law to this dispute, *see R. 197* at 21, the Court rejects Amerisure's repeated contentions for the application of Texas law and finds that Louisiana law governs the resolution of the motions at bar and any pending motions yet to be decided by the Court. The Fifth Circuit held in its ruling that the failure by Amerisure to raise the choice-of-law argument before the district court resulted in a waiver of that argument. R. 177 at 4-5; *see, e.g., Thompson & Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 434 n.3 (5th Cir. 1996). In any event, the mandate rule "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007).

did not have the opportunity to address this aspect of Amerisure's argument.  The argument has been waived on appeal by Amerisure due to its failure to present it to the Magistrate Judge. *See Lewis v. Ascension Parish Sch. Bd.*, 662 F.3d 343, 348 (5th Cir. 2011); *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).  Assuming arguendo that the argument had not been waived, after review of the newly cited cases, the Court finds that the Magistrate Judge was nonetheless correct.[3]  The Magistrate's denial of Amerisure's motions to enforce the settlement agreement or, alternatively, to dismiss Chubb's cross-claim, is therefore affirmed.

### III.  CHUBB'S RULE 56(D) MOTION TO RE-OPEN DISCOVERY

Without deciding the issue of whether or not Fifth Circuit jurisprudence allows for submission of an "equivalent statement" conveying the need for additional discovery despite the clear language of Rule 56(d) requiring "an affidavit or declaration," the Court finds that the Magistrate Judge properly denied Chubb's motion as Chubb failed to present any valid justification, particularly in light of the history of this proceeding, for its failure to request discovery earlier.  The record clearly demonstrates a conscious decision by Chubb to pursue the argument made in its summary judgment motion that the Amerisure policies were unambiguous and could not be altered

---

[3] Amerisure, for the first time during the history of this proceeding, cites *Fasullo v. American Druggists' Ins. Co.*, 262 So. 2d 810, 814 (La. Ct. App. 4th Cir. 1972), *writ denied*, 266 So. 2d 220 (La. 1972), and *Tufaro v. Stanley Bishop Real Estate, Inc.*, 422 So. 2d 220, 222 (La. Ct. App. 4th Cir. 1982) as authority for its position that Chubb "has no direct and independent legal cause of action" against Amerisure.  The Louisiana Supreme Court, however, has sustained contribution actions between co-insurers. *See, e.g., Graves v. Traders & Gen. Ins. Co.*, 214 So. 2d 116, 118 (La. 1968). In the state's lower appellate courts, outside of the Fourth Circuit, the holdings in *Fasullo* and *Tufaro* have not gained traction.  The First Circuit found that a claim for reimbursement by one insurer against another co-party insurer "may be asserted by cross-claim," *see Rocha v. Landry*, 615 So. 2d 995, 998 (La. Ct. App. 1st Cir. 1993), joining the Third Circuit's holdings sustaining contribution actions between co-insurers. *See State Farm Mut. Auto. Ins. Co. v. Travelers Ins. Co.*, 184 So. 2d 750, 751-52 (La. Ct. App. 3d Cir. 1966).  In addition, the United States Court of Appeals for the Fifth Circuit specifically observed that several Louisiana courts "have declined to follow *Fasullo*'s holding" regarding the creation of a right to contribution, and noted approvingly of one state court's determination that *Fasullo* was "no longer good law" on the issue. *Holden v. Connex-Metalna Mgmt. Consulting GmbH*, 302 F.3d 358, 365 n.9 (5th Cir. 2002) (citing *Prudential Assurance Co. Ltd. v. London & Hull Mar. Ins. Co., Ltd.*, 621 So. 2d 1165, 1167 (La. Ct. App. 1st Cir. 1993)).

through extrinsic evidence, rather than request to take "additional discovery to investigate the mutual error claim asserted in Amerisure's [own summary judgment] motion." *R. 197* at 14. Chubb's argument that the Fifth Circuit "changed the rules of the game" by refocusing the central issue on mutual mistake–an issue which Amerisure has argued from the start of this litigation,[4] and which Chubb has itself admitted is the longstanding position of Amerisure[5]–is, as the Magistrate Judge concluded, "wholly unpersuasive." As the record includes ample support for the Magistrate Judge's conclusion, it is not clearly erroneous, and therefore the denial of Chubb's Rule 56(d) motion is affirmed.

## IV. CONCLUSION

For the foregoing reasons,

The Magistrate Judge's Ruling granting in part Amerisure's motion seeking to have the Court rule on the case's pending motions, and denying in part Amerisure's motion to enforce the settlement agreement and to dismiss Chubb's cross-claim, *R. 180*, is **AFFIRMED**; and

The Magistrate Judge's Ruling denying Chubb's Rule 56(d) motion to stay proceedings and reopen discovery, *R. 185*, is **AFFIRMED**.

As a result of the foregoing, Amerisure's Motion To Strike Affidavit, *R. 202*, is **DENIED** as moot.

**THUS DONE AND SIGNED** at Lafayette, Louisiana this 7th day of September, 2012.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE

---

[4] *See R. 78-1* at 9, 11, 12, 13, 16, 18, 19, 20, 21, 25, 31.

[5] *See R. 185-2* at 3 ("Amerisure's motion for summary judgment centers on its claim that it erroneously included MWD as a named insured in the policies.").